IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

**Foley Square Division**

Cases Nos. 1:26-CV-00505-VSB; 1:20-CR-00493-VSB-1

|  |  |
|---|---|
| **LOUIS LLUBERES**, | Application GRANTED. SO ORDERED. |
| Petitioner-Defendant, | Dated: June 16, 2026 |
| | *Att cl an* |
| Versus | |
| **UNITED STATES OF AMERICA**, | |
| Respondent-Plaintiff. | |

**PETITIONER'S THIRD AND FINAL PRO SE MOTION FOR A THIRTY (30) DAY**

**EXTENSION OF TIME TO RESPOND TO THE GOVERNMENT'S OPPOSITION TO**

**PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

**COMES NOW**, Petitioner-Defendant Louis Lluberes ("Lluberes" or "Petitioner"), proceeding *pro se*[1], and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, as applied to proceedings under 28 U.S.C. § 2255, and respectfully moves this Honorable Court for a third and final thirty (30) day extension of time, from the current due date of June 23, 2026 to and including July 23, 2026, within which to file Petitioner's reply to the Government's Memorandum of Law in Opposition to Motion to Vacate, filed on March 24, 2026 (CR-DE:349) ("Government's Opposition"). In support thereof, Petitioner states as follows:

## I. PROCEDURAL BACKGROUND

1. On January 18, 2026, Petitioner filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV-DE:1; CR-DE:331), raising four grounds for relief. The Government timely filed its Opposition on March 24, 2026 (CR-DE:349; CR-DE:349-1), accompanied by an affidavit from Petitioner's former trial counsel, Arthur L. Aidala, Esq. (the "Aidala Affidavit").

2. On April 20, 2026, Petitioner filed his First Motion for a Thirty (30) Day Extension of Time, citing severe institutional disruptions at FCC Coleman Camp, the complexity of the Government's

---

[1] *See* **Haines v. Kerner**, 404 U.S. 519, 520 (1972) (*pro se* complaints are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers).

1

Opposition and attached attorney affidavit, pending unresolved discovery motions, and his anticipated transition to a Residential Reentry Center ("Halfway House"). This Court extended the reply to deadline to and including May 24, 2026.

3. On May 21, 2026, Petitioner filed his Second Motion for a Thirty (30) Day Extension of Time, based on the postponement of his own release date to June 23, 2026 — a delay caused by former counsel's failure to timely clarify a 1980 Texas state matter with the Probation Office — and the logistical uncertainty surrounding his brother's pending inter-facility transfer. This Court extended the reply deadline to and including June 23, 2026.

4. In his Second Motion, Petitioner candidly advised the Court that he did not rule out the possibility of requesting a third and final extension of limited duration, and represented that any such request would be based on concrete and identified deficiencies in the record — not a general need for more time — and would be supported by a full explanation of the circumstances. True to that representation, Petitioner now identifies below the specific, concrete, and newly arising obstacles that prevent him from filing a complete and accurate reply by June 23, 2026, the very day of his release from BOP custody.

## II. GROUNDS FOR THE THIRD REQUESTED EXTENSION

### A. Petitioner's Release Date Is June 23, 2026 — the Same Day as the Current Reply Deadline — Making It Physically Impossible to Prepare and File the Reply by That Date

5. Petitioner's confirmed release date from BOP custody is June 23, 2026 — the identical date as the current reply to deadline. The day of release is consumed entirely by mandatory out-processing procedures, transportation, and reporting requirements. Petitioner cannot, as a matter of physical and practical reality, complete legal research, compile and authenticate documentary evidence, finalize a reply addressing a seventeen-page Government memorandum and a sworn attorney affidavit, and place that reply in the mail on the same day he is being processed out of federal custody.

### B. The BOP's Standard Pre-Release Communications Shutdown Has Eliminated Petitioner's Access to Legal Resources During the Final Week Before the Deadline

6. Pursuant to standard Bureau of Prisons pre-release and pre-transfer procedures, the BOP shuts down all of an inmate's communications access — including computer access, electronic messaging (TRULINCS/Corrlinks email), and telephone privileges — approximately seventy-two (72) hours before the inmate's release or transfer. Consistent with that practice, Petitioner lost, or imminently will lose, all communications access — including, but not limited to, telephone calls, electronic messaging, and access to the law library, legal computers, and printing equipment — on or about Wednesday, June 17, 2026.

7. The practical effect of this shutdown is that the final six (6) days before the current June 23, 2026 deadline — precisely the period in which a litigant would ordinarily finalize, print, and mail his filing — are entirely unavailable to Petitioner for legal work. This circumstance is a function of mandatory BOP procedure, is not attributable to any act or omission of Petitioner, and is entirely beyond his control.

### C. Petitioner Has Not Yet Been Able to Access His Personal Records — Including the Emails, Letters, and Communications Among Himself, His Former Counsel, and His Brother — That Are Directly Material to Rebutting the Aidala Affidavit

8. The concrete and identified deficiency in the record — of the precise kind Petitioner committed to specifying in his Second Motion — is this: Petitioner has not yet been able to gain access to his personal records, including the emails, letters, and other communications exchanged among Petitioner, his former trial counsel, and his brother, Moises Lluberes. These materials are directly material to the central factual dispute in this proceeding — whether Petitioner instructed counsel to file a notice of appeal — and are essential to directly contradicting specific sworn assertions in the Aidala Affidavit. Without access to these records, any reply Petitioner could file would be incomplete on the very factual questions on which the Government's Opposition turns.

9. Inmates' personal property and records, including printed correspondence and stored electronic messages, are not freely accessible during the pre-release period, and Petitioner will only be able to retrieve, organize, and authenticate these materials upon and after his release on June 23, 2026.

### D. Petitioner's Brother, Recently Transferred to a Houston Halfway House, Has Been Unable to Assist Due to the Mandatory Initial Movement Restriction Imposed on All New Halfway House Residents

10. As the Court was advised in the Second Motion, Petitioner's brother, Moises Lluberes (Reg. No. 10754-509), may possess copies of certain communications and records material to Petitioner's reply. Moises Lluberes was transferred from the San Antonio RRM to a Residential Reentry Center in Houston, Texas, on or about May 26, 2026.

11. Every BOP halfway house contractor imposes a mandatory restriction of movement on newly arrived residents for at least the first seven (7) days following arrival, during which the resident may not leave the facility except for narrowly defined purposes. As a result of this restriction and the subsequent pass-approval process, Moises Lluberes has not yet been able to obtain a pass to his home and has therefore been unable to retrieve and transmit to Petitioner the copies of the communications and records he may have in his possession. This obstacle, too, arises from mandatory BOP and contractor procedures and is entirely beyond Petitioner's or his brother's control.

3

**E. Petitioner Has Acted, and Continues to Act, With Diligence**

12. Petitioner has been and remains diligently engaged in the preparation of his reply at every stage of this proceeding. He has reviewed the Government's Opposition and the Aidala Affidavit in detail, identified the documentary evidence necessary to rebut them, and drafted substantial portions of his response. The remaining obstacles — the communications shutdown, the inaccessibility of his personal records until release, and his brother's movement restrictions — are each the product of mandatory institutional procedures, not of any lack of diligence on Petitioner's part. Each of these circumstances arose, or became concrete, only after the filing of the Second Motion.

13. Upon his release on June 23, 2026, Petitioner will immediately turn to retrieving and organizing his records, coordinating with his brother once the latter's movement restrictions are lifted, and finalizing his reply. A thirty (30) day extension — to and including July 23, 2026 — is the minimum period reasonably necessary to accomplish these tasks. Petitioner represents that this is his third and final request for an extension of this deadline.

### III. LEGAL STANDARD

14. Rule 6(b)(1) of the Federal Rules of Civil Procedure, applicable to § 2255 proceedings by virtue of Rule 12 of the Rules Governing Section 2255 Proceedings, provides that a court may extend a deadline "for good cause" shown. Fed. R. Civ. P. 6(b)(1). Extensions of time in § 2255 proceedings are routinely granted where a petitioner demonstrates a legitimate need for additional time to respond to complex legal and factual arguments. *See* **Puglisi v. United States**, 586 F.3d 209, 213 (2d Cir. 2009); **Chang v. United States**, 250 F.3d 79, 86 (2d Cir. 2001). Courts are further directed to afford *pro se* litigants every reasonable opportunity to be heard. **Haines v. Kerner**, 404 U.S. 519, 520 (1972).

15. Good cause exists here. The circumstances described above — the BOP's mandatory pre-release communications shutdown effective on or about June 17, 2026; the coincidence of Petitioner's release date with the current filing deadline; Petitioner's inability to access his personal records of communications with former counsel and his brother until after release; and the mandatory movement restrictions preventing his brother from retrieving and transmitting relevant copies — are concrete, specific, newly arising, and entirely beyond Petitioner's control. Each independently supports the extension sought, and each is precisely the kind of "concrete and identified deficiency in the record" that Petitioner committed to specifying in his Second Motion.

16. The Government would suffer no cognizable prejudice from a third thirty-day extension. This case has been pending since January 2026. The Government had sixty (60) days to prepare its Opposition and has interposed no objection to the prior extensions. Petitioner remains in custody

until June 23, 2026, and is unable to take any action affecting any asset or evidence in this proceeding. A brief final extension preserves the integrity of the proceedings and Petitioner's right to a meaningful opportunity to be heard, without any harm to the Respondent. *See* **Nken v. Holder**, 556 U.S. 418, 434 (2009).

### IV. **CONCLUSION**

**WHEREFORE**, Petitioner-Defendant Louis Lluberes, proceeding *pro se*, respectfully requests that this Honorable Court grant the present motion and enter an order:

(1) Granting Petitioner a third and final thirty (30) day extension of the deadline to file his reply to the Government's Opposition to Motion to Vacate, from the current deadline of June 23, 2026, to and including July 23, 2026; and

(2) Granting any such other and further relief as the Court deems just and proper.

This motion is filed pursuant to 28 U.S.C. § 1746, under penalty of perjury, and Petitioner verifies that the foregoing is true and correct to the best of his knowledge and belief.

Signed the 12th day of June 2026, in Coleman, Florida.

**Louis Lluberes, Pro Se**

**Petitioner-Defendant**

Reg. No. 10739-509

Federal Correctional Complex

Coleman Camp

P.O. Box 1031

Coleman, Florida 33521

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** under penalty of perjury that on the date set forth below, I placed a true and correct copy of the foregoing Third Motion for Extension of Time in the prison mailing system, pursuant to the prison mailbox rule, addressed to the United States District Court for the Southern District of New York, Attention: Office of the Clerk, 500 Pearl Street, New York, NY 10007, with a copy addressed to the Office of the United States Attorney for the Southern District

of New York, Attention: Nicholas W. Chiuchiolo, Kevin Mead, and Daniel G. Nessim, Assistant United States Attorneys, 26 Federal Plaza, New York, NY 10278.

Signed the 12th day of June 2026, in Coleman, Florida.

**Louis Lluberes, Pro Se**

**Petitioner-Defendant**

Reg. No. 10739-509

Federal Correctional Complex

Coleman Camp

P.O. Box 1031

Coleman, Florida 33521

6