**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**Foley Square Division**

Cases Nos. 1:26-CV-00505-VSB; 1:20-CR-00493-VSB-1

**LOUIS LLUBERES**,
Petitioner-Defendant,

versus

**UNITED STATES OF AMERICA**,
Respondent-Plaintiff.

Application GRANTED. SO ORDERED.
Dated: July 27, 2026

**PETITIONER'S FOURTH PRO SE MOTION FOR A THIRTY (30) DAY EXTENSION OF TIME TO RESPOND TO THE GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

**COMES NOW,** Petitioner-Defendant Louis Lluberes ("Lluberes" or "Petitioner"), proceeding *pro se*,[1] and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, as applied to proceedings under 28 U.S.C. § 2255, and respectfully moves this Honorable Court for a fourth thirty (30) day extension of time, from the current due date of July 23, 2026 to and including August 22, 2026, within which to file Petitioner's reply to the Government's Memorandum of Law in Opposition to Motion to Vacate, filed on March 24, 2026 (CR-DE:349) ("Government's Opposition"). In support thereof, Petitioner states as follows:

[1] *See* **Haines v. Kerner**, 404 U.S. 519, 520 (1972) (holding that ***pro se*** complaints are to be construed liberally and ***"to less stringent standards than formal pleadings drafted by lawyers"***).

## I. PROCEDURAL BACKGROUND

1. On January 18, 2026, Petitioner filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV-DE:1; CR-DE:331), raising four grounds for relief. The Government filed its Opposition on March 24, 2026 (CR-DE:349; CR-DE:349-1), accompanied by an affidavit from Petitioner's former trial counsel, Arthur L. Aidala, Esq. (the "Aidala Affidavit").

2. This Court has granted three prior extensions of the reply deadline: first, to May 24, 2026, upon Petitioner's First Motion of April 20, 2026; second, to June 23, 2026, upon Petitioner's Second Motion of May 21, 2026; and third, to July 23, 2026, upon Petitioner's Third Motion of June 2026. Each extension was granted on the basis of concrete, institutional obstacles beyond Petitioner's control, including the coincidence of Petitioner's release date with the then-current deadline, the Bureau of Prisons' ("BOP") mandatory pre-release communications shutdown, and Petitioner's inability to access his personal records while in secure custody.

3. Petitioner's transition out of secure custody was itself delayed by the BOP: although Petitioner was eligible to transition to a Residential Reentry Center ("RRC" or "Halfway House") at an earlier date, the Dismas Charities RRC in Orlando, Florida ("Dismas Orlando") was congested and unable to receive him sooner, and the BOP accordingly set his release for June 23, 2026 — the same day as the then-operative reply deadline. That delay, like every other delay described herein, was institutional in origin and entirely outside Petitioner's control.

4. In his Third Motion, Petitioner represented in good faith that it would be his final request, based on his reasonable expectation that, once released to the RRC, he would promptly

regain access to his personal records and be able to finalize his reply within thirty days. As set forth below, the mandatory intake procedures and movement restrictions imposed on all new residents of Dismas Orlando — the full extent and duration of which Petitioner could not have known or anticipated while still in secure custody at FCC Coleman — consumed nearly the entire extension period and permitted Petitioner only two brief home visits — a 12-hour day pass on Sunday, July 6, 2026, and a single 24-hour overnight pass on July 18–19, 2026 — before the current deadline.

## II. GROUNDS FOR THE FOURTH REQUESTED EXTENSION

### A. Petitioner Timely Reported to the Dismas Orlando Halfway House on June 23, 2026, Exactly as Represented to This Court

5. Petitioner was released from FCC Coleman Camp and timely reported to Dismas Orlando on June 23, 2026, precisely on the date and in the manner previously represented to this Court and directed by the BOP. Petitioner has remained in full compliance with all rules, conditions, and requirements of the RRC program at all times since his arrival.

### B. Mandatory RRC Intake Procedures and Movement Restrictions Have Substantially Limited Petitioner's Ability to Search for and Retrieve the Documents, Emails, and Records Necessary for His Reply

6. Upon arrival, and continuing through the present, Petitioner has been subject to the mandatory rules, procedures, and programming requirements that Dismas Orlando imposes on all newly arrived residents, including an initial restriction-of-movement period, orientation and intake programming, employment-search and program obligations, and a multi-step pass-

application and approval process that must be completed before a resident may leave the facility for personal purposes.

7. These mandatory requirements have substantially limited Petitioner's ability to conduct the document searches, email retrieval, and legal research necessary to prepare his reply. Petitioner's personal records — including the emails, letters, and communications exchanged among Petitioner, his former trial counsel, and his brother, as well as his banking and financial records — are located at his home and in personal accounts and storage that cannot be meaningfully accessed from within the RRC.

**C. Petitioner Has Been Permitted Only Two Brief Home Passes — a 12-Hour Day Pass on Sunday, July 6, 2026, and a Single 24-Hour Overnight Pass on July 18–19, 2026 — Before the Current Deadline**

8. Since his arrival at Dismas Orlando on June 23, 2026, Petitioner has been permitted to visit his home on only two occasions. The first was a brief twelve (12) hour day pass on Sunday, July 6, 2026, which afforded Petitioner only a preliminary opportunity to begin locating his personal records. The second — his first and only overnight visit — was a twenty-four (24) hour pass from Saturday, July 18, 2026, to Sunday, July 19, 2026. That 24-hour window included the facility's mandatory sign-out procedures, transportation to and from his home, and his return and re-registration at the facility, leaving him with substantially less than 24 hours of actual time at his residence.

9. These two brief visits represent Petitioner's only opportunities since the filing of the Government's Opposition — indeed, his only opportunities in the entirety of this § 2255 proceeding — to physically access the personal records, files, devices, and correspondence

needed for his reply. A 12-hour day pass and a single overnight visit, the latter completed just days before the deadline, are plainly insufficient to locate, review, organize, and authenticate those materials, and to finalize a reply addressing a 17-page Government memorandum and a sworn attorney's affidavit.

**D. The Records Petitioner Is Now Able to Retrieve Are Directly Material to Rebutting Both the Aidala Affidavit and the Government's Loss Allegations**

10. The materials Petitioner must now retrieve, organize, and authenticate include: (a) the email chains and written communications among Petitioner, his former trial counsel, and his brother, which bear directly on the central factual dispute in this proceeding — whether Petitioner instructed counsel to file a notice of appeal — and which directly contradict specific sworn assertions in the Aidala Affidavit; and (b) Petitioner's banking ledger and related financial records, which refute not only the Government's allegations but also contradict the loss amounts the Government has alleged. Without these materials, any reply that Petitioner could file by July 23, 2026, would be incomplete on the very factual questions on which the Government's Opposition turns.

**E. Petitioner Has Acted, and Continues to Act, With Diligence**

11. Petitioner has acted diligently at every stage. He has reviewed the Government's Opposition and the Aidala Affidavit in detail, drafted substantial portions of his reply while still in custody, complied with every RRC requirement, and used both of his brief home passes — granted at the earliest dates the facility's procedures allowed — to begin locating and retrieving the necessary records. Every delay in this matter, from the congestion-driven postponement of Petitioner's transition to the RRC, to the pre-release communications

shutdown, to the intake and movement restrictions at Dismas Orlando, has been the product of mandatory institutional procedures, not of any lack of diligence on Petitioner's part.

12. Barring new and unforeseen setbacks of the kind described above, Petitioner expects that a thirty (30) day extension — to and including August 22, 2026 — will permit him to complete the retrieval and review of his documents, email chains, and banking ledger and to file a complete and accurate reply. Petitioner does not anticipate a need for, and does not intend to seek, any further extension of this deadline.

## III. LEGAL STANDARD

13. Rule 6(b)(1) of the Federal Rules of Civil Procedure, applicable to § 2255 proceedings by virtue of Rule 12 of the Rules Governing Section 2255 Proceedings, provides that a court may extend a deadline ***"for good cause"*** shown. Fed. R. Civ. P. 6(b)(1). Extensions of time in § 2255 proceedings are routinely granted where a petitioner demonstrates a legitimate need for additional time to respond to complex legal and factual arguments. *See* **Puglisi v. United States**, 586 F.3d 209, 213 (2d Cir. 2009); **Chang v. United States**, 250 F.3d 79, 86 (2d Cir. 2001). Courts are further directed to afford *pro se* litigants every reasonable opportunity to be heard. **Haines v. Kerner**, 404 U.S. 519, 520 (1972).

14. Good cause exists here. The circumstances described above — Petitioner's timely arrival at Dismas Orlando on June 23, 2026; the mandatory intake procedures, programming obligations, and movement restrictions that consumed nearly the entire prior extension period; and the fact that Petitioner has been permitted only two brief home visits — a 12-hour day pass on July 6, 2026, and a single 24-hour overnight pass completed on July 19, 2026, four days

before the current deadline — are concrete, specific, and entirely beyond Petitioner's control. Each independently supports the brief extension sought.

15. The Government would suffer no cognizable prejudice from a further thirty-day extension. This case has been pending since January 2026. The Government had sixty (60) days to prepare its Opposition, and the Government has interposed no objection to the prior extensions. Petitioner remains under BOP supervision at the RRC and is unable to take any action affecting any asset or evidence in this proceeding. A brief further extension preserves the integrity of the proceedings and Petitioner's right to a meaningful opportunity to be heard, without any harm to the Respondent. *See* **Nken v. Holder**, 556 U.S. 418, 434 (2009).

## IV. CONCLUSION

**WHEREFORE**, Petitioner-Defendant Louis Lluberes, proceeding *pro se*, respectfully requests that this Honorable Court grant the present motion and enter an order:

(1) Granting Petitioner a fourth thirty (30) day extension of the deadline to file his reply to the Government's Opposition to Motion to Vacate, from the current deadline of July 23, 2026, to and including August 22, 2026; and

(2) Granting any such other and further relief as the Court deems just and proper.

This motion is filed pursuant to 28 U.S.C. § 1746, under penalty of perjury, and Petitioner verifies that the foregoing is true and correct to the best of his knowledge and belief.

Signed the 21st day of July 2026, in Orlando, Florida.

**Louis Lluberes, *Pro Se***
**Petitioner-Defendant**

Reg. No. 10739-509
Dismas Charities – Orlando
Residential Reentry Center
6860 Edgewater Commerce Parkway
Orlando, Florida 32810

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** under penalty of perjury that on the date set forth below, I placed a true and correct copy of the foregoing Fourth Motion for Extension of Time in the United States Mail, first-class postage prepaid, addressed to the United States District Court for the Southern District of New York, Attention: Office of the Clerk, 500 Pearl Street, New York, NY 10007, with a copy addressed to the Office of the United States Attorney for the Southern District of New York, Attention: Nicholas W. Chiuchiolo, Kevin Mead, and Daniel G. Nessim, Assistant United States Attorneys, 26 Federal Plaza, New York, NY 10278.

Signed the 21st day of July 2026, in Orlando, Florida.

**Louis Lluberes, *Pro Se***
**Petitioner-Defendant**
Reg. No. 10739-509
Dismas Charities – Orlando
Residential Reentry Center
6860 Edgewater Commerce Parkway
Orlando, Florida 32810